UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-24175-GAYLES

**MARIA D. AZZE, et al.,**
        **Plaintiffs,**

v.

**DADE MEDICAL COLLEGE, INC.;
UNIVERSITY OF SOUTHERNMOST
FLORIDA, INC.; DADE MEDICAL
COLLEGE OF HOLLYWOOD, LLC;
DADE MEDICAL COLLEGE OF
HOMESTEAD CORP.; ERNESTO
PEREZ; JASON HANFORD; and
CHRIS GRESSETT,**
        **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Partial Summary Judgment [ECF No. 53]. In this action, Plaintiffs (eighty-one in number) allege violations of the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Plaintiffs also assert claims for unpaid wages in violation of Florida law and for negligence. The claims arise from mass layoffs by the Defendants[1] (which took place on October 30, 2015) upon the failure of the entity known as "Dade Medical College," and from Defendants' alleged failure to pay the Plaintiffs' wages in the weeks leading up to those layoffs.

In the instant motion, Plaintiffs seek partial summary judgment on one issue[2] related to

---

[1] The Court entered Default Judgment against Defendants Dade Medical College, Inc., and University of Southernmost Florida, Inc., on March 29, 2016 [ECF No. 32]. The Plaintiffs stipulated to the dismissal of Defendants Dade Medical College of Hollywood, LLC, and Dade Medical College of Homestead Corp. on January 31, 2017 [ECF No. 76].

[2] Plaintiffs filed their Motion for Summary Judgment before filing the stipulation of dismissal of Dade Medical College of Hollywood, LLC, and Dade Medical College of Homestead Corp. As such, the Motion also contained

1

their FLSA claim: that the three individual Defendants named herein—Ernesto Perez, the Chairman of Dade Medical College; Chris Gressett, the CEO of Dade Medical College at the time of its closing; and Jason Hanford, the CFO of Dade Medical College at the time of its closing (collectively, the "Individual Defendants"), who each appear in this action *pro se*—are the Plaintiffs' "employers" under the FLSA. The Individual Defendants have filed responses in opposition to the motion [ECF Nos. 56, 57 & 60].[3] The Court has reviewed the parties' briefs, the record in this case, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the Plaintiffs' motion will be granted in part and denied in part.

## I.  LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. —, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357

---

arguments as to those Defendants. In light of the stipulation, any argument pertaining to those Defendants is denied as moot.

[3] Although filed as three separate documents, the Individual Defendants' responses in opposition are identical (with the exception of the first paragraph of each document, which names the Defendant who filed the document).

F.3d 1256, 1259-60 (11th Cir. 2004) (citations and internal quotation marks omitted). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

Where, as here, the ***moving*** party bears the burden of proof at trial:

> that party must show ***affirmatively*** the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party.

*United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (citations, internal quotation marks, and alterations omitted). The nonmovant, in order to avoid summary judgment must

> come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact. Only if after introduction of the non-movant's evidence, the combined body of evidence presented by the two parties relevant to the material fact is still such that the movant would be entitled to a directed verdict at trial—that is, such that no reasonable jury could find for the non-movant—should the movant be permitted to prevail without a full trial on the issues.

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

Before proceeding further, the Court instructs that it "places great emphasis upon, and implores the parties to be mindful of, the fact that local rules have 'the force of law.'" *State Farm*

3

*Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1158 (S.D. Fla. 2015) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)). Southern District of Florida Local Rule 56.1 requires that "[a] motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively," S.D. Fla. L.R. 56.1(a). A statement shall, *inter alia*, "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* R. 56.1(a)(2). Furthermore, a statement of material facts submitted in opposition to a motion for summary judgment "shall correspond with the order and with the paragraph numbering scheme used by the movant." *Id.* R. 56.1(a). Local Rule 56.1(b), which governs the effect of a nonmovant's failure to controvert a movant's statement of undisputed facts, provides: "All material facts set forth in the movant's statement filed and supported as required above ***will be deemed admitted*** unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *Id.* R. 56.1(b) (emphasis added). This rule "serves a vital purpose in 'help[ing] the court identify and organize the issues in the case.'" *B&A Diagnostic*, 145 F. Supp. 3d at 1158 (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)). "It also preserves scarce judicial resources by preventing a court from 'having to scour the record and perform time-intensive fact searching.'" *Id.* (quoting *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012)).

Given the purpose that these rules serve, "litigants ignore them at their peril." *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007). The Plaintiffs filed a Statement of Undisputed Material Facts in support of their Motion for Summary Judgment [ECF No. 52]. The Individual Defendants filed no response to the Plaintiffs' Statement in conjunction with the filing of their (identical) individual oppositions to the Motion for Summary Judgment. Upon con-

4

sideration, the Court finds that the Plaintiffs' Statement is supported as required and substantially complies with all requirements of Local Rule 56.1—with one exception. Paragraph 30 states that "Chris Gresset would hire and fire employees, operate the company, provide training, determine what contracts the company might get into and had the authority to sign on behalf of the company." [ECF No. 52 ¶ 30] (all errors [sic]). While each of the other thirty-four paragraphs in the Plaintiffs' Statement contains a citation to the record, this paragraph contains none. Therefore, pursuant to Local Rule 56.1(b), all facts (with the exception of those asserted in Paragraph 30, which are not supported by record evidence) contained in the Plaintiffs' Statement are hereby deemed admitted.

The Individual Defendants' *pro se* status does not alter this determination. "[A]lthough [courts] are to give liberal construction to the pleadings of *pro se* litigants," those litigants are "nevertheless . . . required . . . to conform to all procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation and internal quotation marks omitted); *see also Smith v. Mercer*, 572 F. App'x 676, 678 (11th Cir. 2014) (per curiam) (affirming a Northern District of Georgia court's decision to deem admitted the moving party's facts under that district's analog to S.D. Fla. Local Rule 56.1(b) where the nonmoving party's response failed to comply with that district's analog to S.D. Fla. Local Rule 56.1(a)). Because the Individual Defendants "ha[ve] failed to comply with Local Rule 56.1—the only permissible way for [them] to establish a genuine issue of material fact at [this] stage—the [C]ourt has before it the functional analog of an unopposed motion for summary judgment." *Mann*, 588 F.3d at 1303; *see also B&A Diagnostic*, 145 F. Supp. 3d at 1158 ("Although a failure to comply with the local rules can often result in harsh, if not fatal, outcomes for a party, such results are 'not by calculated choice of t[he] Court.'" (quoting *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1246 (S.D. Fla. 2009))).

That said, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed." *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir.

2004). "Even in an unopposed motion [for summary judgment], . . . 'the movant is not absolve[d] . . . of the burden of showing that it is entitled to a judgment as a matter of law,'" and the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann*, 588 F.3d at 1303 (quoting *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)). To that end, the Court must "consider the merits of the motion" and "review all of the evidentiary materials submitted in support of the motion," *5800 S.W. 74th Ave.*, 363 F.3d at 1101-02, in order to "satisfy itself that the [movant's] burden has been satisfactorily discharged," *Reese*, 527 F.3d at 1268.

## II.  DISCUSSION

Under the FLSA, a plaintiff may sue an individual employer or multiple employers. *See Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909, 2010 WL 1257674, at *3 (S.D. Fla. Mar. 26, 2010) ("The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA."). The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise[**4**] is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). A corporate officer fits this definition if the officer is "involved in the day-to-day operation" of the corporation, including "compensation of employees or other matters in relation to an employee," or if he "ha[s] some

---

**4**  To establish an FLSA claim, a plaintiff must establish *either* "individual coverage," *i.e.*, that he or she was engaged in commerce or in the production of goods for commerce, *or* "enterprise coverage," *i.e.*, that his or her employer is an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1). The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" as, *inter alia*, an enterprise that "is engaged in the operation of . . . an institution of higher education (regardless of whether or not such . . . school is public or private or operated for profit or not for profit)." 29 U.S.C. § 203(s)(1)(B). It is undisputed that "[t]he Defendant Corporations were institutions of higher education covered under 29 U.S.C. § 203(s)(1)(B)." Joint Pretrial Stipulation [ECF No. 74] at 4. Thus, all that must be determined is whether the Individual Defendants had operational control of those covered enterprises.

direct responsibility for the supervision of the employee." *Id.* at 638 (citation and internal quotation marks omitted). The Court analyzes the Plaintiffs' arguments vis-à-vis each of the three Individual Defendants in turn.

### A. *Ernesto Perez*

Ernesto Perez was the Chairman of Dade Medical College, Inc. Perez Dep. at 6:9-14. He also had an ownership interest in all Dade Medical College companies. Hanford Dep. at 8:20-9:1. As chairman, he hired the company's officers, including CEO, CFO, and COO. *Id.* at 9:8-13, 10:2-8. Perez hired several employees over the last five years the company was in existence. *Id.* at 18:17-21. Perez was initially involved in all aspects of running the company, but later delegated those duties. *Id.* at 21:6-11. He maintained the authority to hire or fire employees during the last three years at the company and at times promoted employees or moved them between positions. *Id.* at 24:12-15, 24:19-3. Management-level employees would also consult with Perez regarding the hiring and firing of other employees. *Id.* at 25:3-7. Perez had the authority to increase or decrease employees' wages, *id.* at 49:23-50:2, and his signature was the only signature that appeared on employees' paychecks. Hanford Dep. at 11:8-13.

Considering this evidence, the Court finds that there is no genuine issue of material fact that Perez was involved in the day-to-day operation of the corporation, in matters in relation to employees, sufficient to consider him an "employer" for purposes of the FLSA. **Therefore, the motion for summary judgment is granted as to Perez.**

### B. *Chris Gressett*

Chris Gressett was the Chief Executive Officer during the last four months that Dade Medical College was in existence. Hanford Dep. at 23:7-10. He was involved in the day-to-day management of the financials of the company during those months, including paying bills and keeping the school open. *Id.* at 23:17-24; Perez Dep. at 45:4-15.

7

The Eleventh Circuit has made clear that, "to support individual liability, there must be control over significant aspects of [the company's] day-to-day functions . . . *related to the company's FLSA obligations*." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013) (emphasis added) (citation and internal quotation omitted). Because the record does not affirmatively establish that Gressett's day-to-day management of financials involved compensation, supervision, or other matters related to employees, the Court cannot find *as a matter of law* that Gressett had "sufficient control of the company's financial affairs to 'cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Id.* (quoting *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998)). **Therefore, the motion for summary judgment is denied as to Gressett.**

    C.    *Jason Hanford*

Jason Hanford was the Chief Financial Officer during the last four months that Dade Medical College was in existence, and prior to that he held the title of Director of Financial Analysis. Hanford Dep. at 5:25-6:6, 12:14-17. The record shows that Hanford "[w]as in charge of projections, forecasts, budget, [and] advising management on regulations and financial health." Pls.' Statement ¶ 4 (citing Hanford Dep. at 10). As part of managing the budget and balance sheets, he would "anticipate employees['] wages." Hanford Dep. at 12:4. He also, along with Perez and Gressett, "manage[d] the day-to-day finances of the company." *Id.* at 22:11-17. Hanford would sign checks for rent and operating expenses, but not for salaries. *Id.* at 11:3-7.

Just as with Gressett, the Plaintiffs' proffered evidence, without more, is insufficient for this Court to conclude *as a matter of law* that Hanford had "sufficient control of the company's financial affairs to 'cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Lamonica*, 711 F.3d at 1314 (quoting *Baystate*, 163 F.3d at 678). **Therefore, the motion for summary judgment is denied as to Hanford.**

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Partial Summary Judgment [ECF No. 53] is **GRANTED IN PART**. Defendant Ernesto Perez shall be deemed the Plaintiffs' "employer" under the FLSA, 29 U.S.C. § 203(d). The motion is otherwise **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE